(Reap. Dec. 10078)

UNITED STATES *v.* GLOBAL IMPORTS, INC.

Entry Nos. J–1289, J–1292 ; J–1386.

(Decided September 7, 1961)

*William H. Orrick, Jr.*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the plaintiff.

Defendant not represented by counsel.

RAO, Judge: The three appeals for reappraisement listed above, which have been consolidated for purposes of trial, were taken by the collector of customs at the port of entry against the appraiser's return of the values of several shipments of used Volkswagen motorcars. The automobiles in question were entered at their invoice unit values, but were appraised at lower values, less specified discounts, stated to be predicated upon the basis of cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

In a notice filed pursuant to rule 15 of the Rules of the United States Customs Court, plaintiff sets forth its contention that the proper basis of appraisement is "export value as defined in Sec. 402a(d) of the Tariff Act of 1930, as amended, and that said export value is the entered value less inland freight, less buying commission." An amended statement subsequently filed with the court (plaintiff's exhibit 3) claims export value to be the "invoice price F.O.B. dockside Hamburg."

The statutory provision for export value recites:

EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

When these cases were called for trial at the port of entry, there was no appearance by or in behalf of defendant. The court was apprised of the fact that the official notice of trial issued by the clerk of the court, mailed to the defendant at the address stated on the in-

voices and entries, had been returned by the postal authorities marked "Gone no forward." A letter of inquiry as to defendant's intentions with respect to the impending trial, mailed by counsel for the plaintiff to the same address, was also returned similarly marked (plaintiff's exhibit 1).

Counsel for plaintiff introduced into evidence, as plaintiff's exhibit 2, an affidavit of the appraiser of merchandise at the port of Miami, Fla., wherein it is stated that he had been advised that the defendant had filed a petition in bankruptcy and was no longer in business.

In support of the contention that export value, as defined in section 402a(d) of the Tariff Act of 1930, *supra*, was the proper basis of value for the subject used cars, and that such values are the invoice prices, f.o.b. dockside, Hamburg, plaintiff introduced into evidence, as plaintiff's exhibit 4, a report of one Arno Hellthaler, acting senior customs representative of Frankfort, Germany, dated November 6, 1959; as plaintiff's exhibit 5, an affidavit of one Hans Hutter of Hamburg, Germany; and, as plaintiff's exhibit 6, an affidavit of one Helmut Simon, also of Hamburg, Germany.

Plaintiff's exhibit 4 states in substance that purchases were made in Germany on behalf of Global Imports, Inc., hereinafter called Global, by the firm of Fischer & Hutter, acting as buying agent. Instructions were issued to the latter concerning the top price Global would pay for used cars, "Americanized, buying commission included, f.o.b. dock, Hamburg, Germany." Often, the top price set by Global exceeded the total costs of such cars, and, on occasion, some refunds were paid. The customs representative quoted Hans Hutter, partner in the firm of Fischer & Hutter, as saying that his company buys and sells automobiles both for its own account and as buying agent; that he was familiar with the German market for used automobiles offered for export to the United States; that "such or similar merchandise is freely offered for sale at the invoiced prices to all purchasers without restrictions"; and that "no higher prices exist for such or similar merchandise when sold for home consumption in Germany."

The affidavit of said Hans Hutter confirms his familiarity with the used car market in Germany, both for domestic consumption and for export to the United States, and with the prices paid by Global for the cars shipped to it. These prices are enumerated on a list attached to the affidavit. The affidavit further states:

That at the time of exportation of the used Volkswagen automobiles listed on the attached sheet to the United States such or similar used Volkswagen automobiles were freely offered for sale at the values or prices listed on the attached sheet, to all purchasers in the principal markets of the Federal Republic of Germany, in the usual wholesale quantities and in the ordinary course

of trade for exportation to the United States, plus, when not included in such prices, all costs, charges and expenses incident to placing the used Volkswagen automobiles in condition for shipment to the United States;

\*      \*      \*      \*      \*      \*      \*

That at the time of exportation of the used Volkswagen automobiles listed on the attached sheet there were no higher market values or prices for such or similar used Volkswagen automobiles which were sold or offered for sale for home consumption in Germany.

The affidavit of Helmut Simon shows that he is the manager of Deutsche Grosstransport Gesellschaft m.b.H., Nachfolger Carl Press, located at No. 2 Glockengiesserwall, Hamburg, Germany, and that this firm acted as forwarding agent, not as seller, in shipping the subject automobiles to Global.

Based upon this record, counsel for the plaintiff contends that statutory export values equivalent to the unit prices, f.o.b. dockside, Hamburg, have been established, and that, accordingly, in view of the provisions of section 402a(a) of the Tariff Act of 1930, as amended, appraisement on the basis of cost of production was improper.

The court is of opinion, however, that the evidence is insufficient for this purpose. Notwithstanding the failure of the defendant to appear at the trial of these actions, the burden rested with the plaintiff to show that the appraised values were erroneous and that the claimed values were correct. This burden derives from the provisions of 28 U.S.C., section 2633, which read, in part, as follows:

The value found by the appraiser shall be presumed to be the value of the merchandise. The burden shall rest upon the party who challenges its correctness to prove otherwise.

The scope of the burden of proof assumed by a plaintiff in a reappraisement appeal has been defined and outlined with clarity and precision in the case of *Brooks Paper Company* v. *United States*, 40 C.C.P.A. (Customs) 38, C.A.D. 495, in which the court stated:

By statutory provision[1] Congress has directed that (1) the value found by the appraiser shall be presumed to be the value of the merchandise and (2) the burden shall rest upon the party who challenges its correctness to prove otherwise.

To sustain his burden of proof, and overcome this statutory presumption, it is incumbent upon appellant, the party challenging the value found by the appraiser in the first instance, to prove the action of the appraiser was erroneous and to establish some other dutiable value as the proper one. To do this, that party must meet every material issue involved in the case, and if he fails to do so the value fixed by the appraiser remains in full force and effect. *United States* v. *Gane and Ingram, Inc.*, 24 C.C.P.A. (Customs) 1, T.D. 48264, citing *United States* v. *T. D. Downing Co. (George H. Sweetnam, Inc.*), 20 C.C.P.A. (Customs) 251, T.D. 46057. It is clear, from a reading of section 402 (c) and (d), *supra*, that in order to prove foreign value or export value as a basis

---

[1] This provision appeared in section 501 of the Tariff Act of 1930, 19 U.S.C. § 1501, until June 25, 1948, when it was removed from that section to section 2633, Title 28, U.S.C.

for a valid reappraisement, *the appellant must establish, inter alia, the usual wholesale quantities* in which such or similar merchandise involved was freely offered for sale to all purchasers in the principal markets of the country from which exported, etc. This court has so construed the statute in the case of *M. V. Jenkins et al.* v. *United States*, 34 C.C.P.A. (Customs) 33, C.A.D. 341, wherein we held that failure to satisfactorily establish the usual wholesale quantities constitutes a failure to establish one of the essential elements of a valid reappraisement. If appellant has failed to establish the usual wholesale quantities, then, in accordance with the foregoing, it seems clear that he has failed to meet his burden of proof, and the valuation set by the appraiser must stand. For reasons presently to appear, the outcome of this case depends on whether appellant has introduced substantial evidence to establish the usual wholesale quantities.

Ultimately involved in the *Brooks* case was the question of the evidentiary sufficiency to establish usual wholesale quantities of a statement reading, "the great majority of sales of matrix board to purchasers other than consumers were in quantities of 15.000 square meters or more." The court characterized this language as a mere conclusion of an ultimate issuable fact expressed in terms of the judicial definition of usual wholesale quantity, to wit, the particular quantity in which the major portion of sales were made (*United States* v. *M. Minkus*, 21 C.C.P.A. (Customs) 382, T.D. 46912), and concluded that, standing alone, it was without any probative value. In so doing, and predicated upon the holdings in the cases of *United States* v. *Semon Bache & Co.*, 25 C.C.P.A. (Customs) 387, T.D. 49466; *United States* v. *Semon Bache & Co.*, 27 C.C.P.A. (Customs) 89, C.A.D. 67; and *Semon Bache & Co.* v. *United States*, 28 C.C.P.A. (Customs) 166, C.A.D. 140, the court reaffirmed the principle that unsubstantiated statements merely reciting or paraphrasing the language of the valuation statute are not evidence of value.

Beyond the bare declaration that the prices in the list attached to plaintiff's exhibit 4 are the freely offered prices to all purchasers in the usual wholesale quantities and in the ordinary course of trade, in the principal markets of West Germany, the instant record lacks any evidence to establish the material elements entering into the determination of export value, except for the statement that no restrictions accompanied the sales of such or similar merchandise. No facts are provided to enable the court to calculate that wholesale quantity in which the major portion of sales was made. Nor is there evidence to show which city or cities in Western Germany were the principal markets for the sale of such or similar merchandise for exportation to the United States.

Since it has not been shown that the price of such or similar merchandise did not vary with the quantity sold, a circumstance which would eliminate usual wholesale quantities as a material element (*Jenkins Brothers* v. *United States*, 25 C.C.P.A. (Customs) 90, T.D.

49093), the court is constrained to hold that export value, as defined in section 402a(d) of the Tariff Act of 1930, as amended, has not been proven and that the presumption of correctness of the appraiser's return of values has not been overcome. Accordingly, the court makes the following findings of fact:

1. That the merchandise involved in these consolidated appeals for reappraisement consists of used Volkswagen motorcars, exported from West Germany on or about December 2, 1958.

2. That said merchandise was entered at the invoiced unit values, f.o.b. Hamburg.

3. That said merchandise was appraised at lower unit values, less specified discounts, on the basis of cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

4. That the collector of customs at the port of entry contends that the proper basis of value for the subject merchandise is export value, as defined in section 402a(d) of said tariff act, as amended, as represented by the invoice unit prices, f.o.b. dockside, Hamburg, West Germany.

5. That plaintiff has failed to establish the material elements necessary to sustain a finding of export value, as claimed, or to negate the values returned by the appraiser.

The court, therefore, concludes that the presumption of correctness of the appraiser's return has not been overcome and that the values of the automobiles in issue are those found by the appraiser.

Judgment will be entered accordingly.